## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| GILBERT GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| COOPER TIRE & RUBBER COMPANY, | ) |
| JOHN J. HOLLAND, BRADLEY E. | ) |
| HUGHES, STEVEN M. CHAPMAN, | ) |
| SUSAN F. DAVIS, KATHRYN P. | ) |
| DICKSON, TYRONE M. JORDAN, | ) |
| TRACEY I. JOUBERT, GARY S. MICHEL, | ) |
| BRIAN C. WALKER, ROBERT D. | ) |
| WELDING, THE GOODYEAR TIRE & | ) |
| RUBBER COMPANY, and VULCAN | ) |
| MERGER SUB INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on February 22, 2021 (the "Proposed Transaction"), pursuant to which Cooper Tire & Rubber Company ("Cooper" or the "Company") will be acquired by The Goodyear Tire & Rubber Company ("Parent") and Vulcan Merger Sub Inc. ("Merger Sub," and together with Parent, "Goodyear").

2. On February 22, 2021, Cooper's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Goodyear. Pursuant to the terms of the Merger Agreement, Cooper's

stockholders will receive 0.907 shares of Parent common stock and $41.75 in cash for each share of Cooper common stock they own.

3. On March 19, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Cooper common stock.

9. Defendant Cooper is a Delaware corporation and maintains its principal executive offices at 701 Lima Avenue, Findlay, Ohio 45840.  Cooper's common stock is traded on the New York Stock Exchange under the ticker symbol "CTB."

10. Defendant John J. Holland is Chairman of the Board of the Company.

11. Defendant Bradley E. Hughes is President, Chief Executive Officer, and a director of the Company.

12. Defendant Steven M. Chapman is a director of the Company.

13. Defendant Susan F. Davis is a director of the Company.

14. Defendant Kathryn P. Dickson is a director of the Company.

15. Defendant Tyrone M. Jordan is a director of the Company.

16. Defendant Tracey I. Joubert is a director of the Company.

17. Defendant Gary S. Michel is a director of the Company.

18. Defendant Brian C. Walker is a director of the Company.

19. Defendant Robert D. Welding is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Parent is an Ohio corporation and a party to the Merger Agreement.

22. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

23. Cooper is the parent company of a global family of companies that specializes in the design, manufacture, marketing, and sale of passenger car, light truck, medium truck,

motorcycle, and racing tires.

24. On February 22, 2021, Cooper's Board caused the Company to enter into the Merger Agreement with Goodyear.

25. Pursuant to the terms of the Merger Agreement, Cooper's stockholders will receive 0.907 shares of Parent common stock and $41.75 in cash for each share of Cooper common stock they own.

26. According to the press release announcing the Proposed Transaction:

> The Goodyear Tire & Rubber Company (Nasdaq: GT) and Cooper Tire & Rubber Company (NYSE: CTB) today announced that they have entered a definitive transaction agreement under which Goodyear will acquire Cooper in a transaction with a total enterprise value of approximately $2.5 billion. The transaction will expand Goodyear's product offering by combining two portfolios of complementary brands. It will also create a stronger U.S.-based manufacturer with increased presence in distribution and retail channels while combining both companies' strengths in the highly profitable light truck and SUV product segments. The combined company will have approximately $17.5 billion in pro forma 2019 sales.
>
> Under the terms of the transaction, which has been approved by the Boards of Directors of both companies, Cooper shareholders will receive $41.75 per share in cash and a fixed exchange ratio of 0.907 shares of Goodyear common stock per Cooper share for a total equity value of approximately $2.8 billion. Based on Goodyear's closing stock price on February 19, 2021, the last trading day prior to the announcement, the implied cash and stock consideration to be received by Cooper shareholders is $54.36 per share, representing a premium of 24% to Cooper's closing stock price on February 19, 2021, and a premium of 36% to Cooper's 30-day volume weighted average price as of the close on February 19, 2021. Upon closing of the transaction, Goodyear shareholders will own approximately 84% of the combined company, and Cooper shareholders will own approximately 16%. . . .
>
> Advisors
>
> Lazard is serving as lead financial advisor, J.P. Morgan Securities LLC is serving as financial advisor and Paul, Weiss, Rifkind, Wharton & Garrison LLP and Covington and Burling LLP are serving as legal advisors to Goodyear. Goldman Sachs & Co. LLC is serving as the exclusive financial advisor and Jones Day is serving as legal advisor to Cooper.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

27. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

28. As set forth below, the Registration Statement omits material information.

29. First, the Registration Statement omits the Company's, Goodyear's, and the combined company's financial projections.

30. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate EBITDA and unlevered free cash flow; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

31. The Registration Statement fails to disclose Goodyear's and the combined company's financial projections.

32. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

33. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman Sachs").

34. With respect to Goldman Sachs' Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed in the analysis.

35. With respect to Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Registration Statement fails to disclose: (i) Goldman Sachs' basis for applying the

illustrative NTM enterprise value to EBITDA multiples of 3.50x to 5.00x; (ii) the net cash and minority interest used in the analysis; (iii) the projected year-end fully diluted shares of Cooper common stock outstanding; and (iv) the individual inputs and assumptions underlying the discount rate of 10.0%.

36. With respect to Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the terminal values for the Company; (ii) Goldman Sachs' basis for using multiples ranging from 4.00x to 5.50x; (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; (iv) the net cash and minority interest used in the analysis; (v) the number of fully diluted outstanding shares of Cooper common stock; and (vi) all line items used to calculate unlevered free cash flow.

37. With respect to Goldman Sachs' Premia Analysis, the Registration Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

38. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39. Third, the Registration Statement fails to disclose whether the Company executed any confidentiality agreements that contained "don't ask, don't waive" provisions.

40. The omission of the above-referenced material information renders the Registration Statement false and misleading.

41. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

# COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Cooper

42.  Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.  The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Cooper is liable as the issuer of these statements.

44.  The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

45.  The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

46.  The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

47.  The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

48.  By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Goodyear

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants and Goodyear acted as controlling persons of Cooper within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Cooper and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52. Each of the Individual Defendants and Goodyear was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

54. Goodyear also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

55. By virtue of the foregoing, the Individual Defendants and Goodyear violated Section 20(a) of the 1934 Act.

56. As set forth above, the Individual Defendants and Goodyear had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 26, 2021  **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*